IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01812-MSK-KMT

TERRY VARGAS,

Plaintiff,

v.

CENTURA HEALTH CORPORATION,

Defendant.

---

## PROTECTIVE ORDER

---

Defendant Centura Health Corporation ("Centura") and Plaintiff Terry Vargas ("Vargas") (collectively, the "Parties"), believe that certain information that may be sought in discovery in this litigation constitutes confidential information. To protect the confidentiality of this information, the provisions of this Protective Order shall apply.

IT IS HEREBY ORDERED THAT:

1. Any Party may designate as "Confidential Information" any information, documents, testimony, or other discovery materials that contains, reflects, or reveals information that the _attorney for the_ designating Party believes in good faith is confidential, proprietary, commercially valuable, or competitively sensitive. Such confidential information may include, but is not limited to, medical records, non-public business information, personnel information, financial statements, or technical information. _An attorney for the designating party shall review all material prior to designation as confidential. Picard v. Boulder Valley School District, 196 F.R.D. 382 (D. Colo. 2000)_

2. Any Party may designate as "Attorneys' Eyes Only Information" any "Confidential Information" that the ∧producing Party reasonably believes might, if disclosed to the receiving Party or to the public, have a serious or adverse effect on the producing Party.

[handwritten insertion above "producing": attorney saw the]

3. Information designated "Confidential Information" may be disclosed only to the following persons:

    a. The Court and its officers, any court reporters who transcribe testimony at hearings, trial, or depositions, and any trial jurors;

    b. Outside counsel of record for the Parties and their employees assisting with this litigation;

    c. Any in-house counsel for the Parties who has responsibility for this litigation;

    d. Vargas and designated representatives of Centura who provide direct assistance to outside counsel of record or who make strategic decisions concerning this litigation;

    e. Third-party consultants or experts retained by outside counsel of record pursuant to the procedure set forth in Paragraph 6;

    f. Anticipated witnesses at deposition or trial who authored, in whole or in part, or received the Confidential Information; and

    g. Any other person entitled to receive the Confidential Information by Court order or by written stipulation of the parties.

Prior to receiving any Confidential Information, any person within sub-part (d), (e), (f), or (g) must be provided a copy of this Stipulated Protective Order and agree to be bound by its terms by executing a copy an agreement to that effect substantially in the form of Exhibit A. Counsel obtaining such agreements shall retain them and make them available to the other Party upon request.

4. Information designated "Attorneys' Eyes Only" may be disclosed only to the persons listed in sub-parts (a), (b), (e), (f), and (g) of Paragraph 3.

5. A receiving Party or any person who has agreed to be bound by the Stipulated Protective Order shall maintain all information designated Confidential Information or Attorneys' Eyes Only Information in confidence, and shall use such information solely for purposes of this litigation or any appeals therefrom. Confidential Information and Attorneys' Eyes Only Information shall not be disclosed or revealed to anyone not authorized by this Stipulated Protective Order to receive such material.

6. If a Party wishes to disclose Confidential Information or Attorneys' Eyes Only Information to any retained third-party consultant or expert, that Party must provide, in writing, the name and address of the third-party and a copy of his or her *curriculum vitae*. The other Party will have ten (10) business days to object in good faith and in writing to the disclosure of Confidential Information or Attorneys' Eyes Only Information to that third-party. During that ten-day period, the Party will not show any Confidential Information or Attorneys' Eyes Only Information to the third-party. If no objection is received within ten (10) business days, Confidential Information and Attorneys' Eyes Only Information may be disclosed. If an objection is received, the Party may seek to have the Court resolve the issue. Until the Court has resolved the issue, no Confidential Information or Attorneys' Eyes Only Information may be disclosed to that third-party.

7. To designate a document or object as Confidential Information or Attorneys' Eyes Only Information, the designating Party shall affix a label or electronic mark upon the document or object that reads "Confidential Information" or "Attorneys' Eyes Only Information." A Party may correct an inadvertent omission of such a label within thirty (30) days of production by

notifying the receiving Party in writing and providing a substitute copy of the document or object.

8. To designate testimony as Confidential Information or Attorneys' Eyes Only Information, the designating Party may make a statement on the record at any time during the deposition or testimony. In addition, even in the absence of a statement on the record, any deposition testimony concerning a document designated Confidential Information or Attorneys' Eyes Only Information shall be deemed Confidential Information or Attorneys' Eyes Only Information. The court reporter shall separately transcribe any portion of a deposition or testimony so designated and shall mark each such page of the transcript with the word "CONFIDENTIAL." A Party may also make such a designation within twenty-one (21) days of receiving a copy of the transcript of such testimony, by stating in writing the pages and line numbers of confidential information. The receiving Party will maintain a copy of such designation together with each copy of the transcript. During the interim twenty-one-day period after receipt of a transcript, the Parties will treat all testimony as Attorneys' Eyes Only Information. Any third-party attending a deposition may be excluded from the room for any portion of testimony involving Confidential Information or Attorneys' Eyes Only Information that the third-party is not entitled to receive.

9. If a Party includes Confidential Information or Attorneys' Eyes Only Information in materials filed with the Court, the material, if filed electronically, shall be filed as a "Sealed Document" using the court's ECF system. If not filed electronically, the information shall be filed under seal in an envelope labeled with the caption and case number with the following statement:

**Confidential Information/Attorneys' Eyes Only Information**

**Filed Under Seal Pursuant to Protective Order Entered _____, 2008.**

**The contents of this envelope are subject to a Protective Order entered by the Court in the above-captioned case, and shall be treated as confidential and should not be opened or shown to any person except as authorized by order of the Court.**

If the Confidential Information or Attorneys' Eyes Only Information is contained only in exhibits to a court filing, the exhibits shall be separately filed under seal apart from the publicly-filed court filing.

10. Any other person joined in this action via counterclaim, cross-claim, or third-party claim shall become a "Party" within the meaning of this Protective Order.

11. Any third-party subpoenaed to produce documents or to provide testimony may designate information as Confidential Information or Attorneys' Eyes Only Information by executing a copy of this Stipulated Protective Order and agreeing to be bound thereto.

12. A Party may challenge the designation of information as Confidential Information or Attorneys' Eyes Only Information by the following process. The challenging Party shall notify the designating Party in writing of the basis for its objections. The Parties shall attempt to resolve the dispute within ten (10) days. If the Parties are unable to resolve their dispute, then the challenging Party may file a motion with the Court challenging the designation. If the Confidential Information or Attorneys' Eyes Only Information is filed with the Court, it shall be filed under seal. Pending resolution of the challenging Party's motion, the Parties will maintain the information as Confidential Information or Attorneys' Eyes Only Information. The burden of proving that the confidentiality designation is proper shall remain with the designating Party.

13. There shall be no obligation to challenge a confidentiality designation, and failure to make a prompt challenge shall not constitute a waiver to a subsequent challenge.

14. A receiving Party is not prohibited from disclosing or using any otherwise Confidential Information or Attorneys' Eyes Only Information if that information:

    a. Constitutes or becomes public knowledge;

    b. Was acquired by the receiving party from a third-party having the right to disclose such information; or

    c. Was in the lawful possession of the receiving party prior to entry of this Stipulated Protective Order.

15. Nothing in this Stipulated Protective Order is intended to or shall be deemed to restrict or limit a Party's use or disclosure of its own Confidential Information or Attorneys' Eyes Only Information.

16. The Parties agree that the inadvertent production of any document that would be protected from disclosure pursuant to the attorney-client privilege, the attorney work product doctrine, the physician-patient privilege, or any other applicable privilege shall not constitute waiver of the privilege. If such document is inadvertently produced, then, upon written request of the producing Party, the receiving Party shall (a) promptly return or destroy all paper or electronic copies of the document in its possession, and agree to make no use of the information, or (b) within ten (10) business days, apply to the Court for an order that such document is not protected from disclosure by any privilege (for any reason except for waiver resulting solely from the inadvertent production of the document). If the receiving Party applies for such a Court order, it shall treat the document as privileged and as Attorneys' Eyes Only Information until such motion or application is resolved by the Court.

17. Outside counsel of record and each individual who executes Exhibit A shall ensure that all materials designated Confidential Information or Attorneys' Eyes Only Information are maintained in such a manner as to prevent disclosure except in accordance with the terms of this Stipulated Protective Order.

18. Within thirty (30) days after the conclusion of trial and appeal or any other termination of this litigation, All Confidential Information and Attorneys' Eyes Only Information shall be returned to the designating Party or destroyed.

19. In the event a person bound by this Protective Order is subpoenaed or served with legal process by a third-party to produce or otherwise disclose another Party's Confidential Information or Attorneys' Eyes Only Information, that person shall give prompt written notice to the designating Party.

20. The terms of this Stipulated Protective Order shall survive the final disposition of this litigation. The Court shall retain jurisdiction to construe, enforce, or amend the provisions of this Stipulated Protective Order.

21. This Stipulated Protective Order may be modified in writing by Court order or by agreement of the Parties. The Parties are entitled to seek modification of this Stipulated Protective Order by motion.

IT IS SO ORDERED this 18th day of August, 2008

_____
U.S. ~~District Court~~ Judge for the District of Colorado
Magistrate

/s/ *Mark L. Sabey*   8/8/08
Mark L. Sabey
KUTAK ROCK, LLP
1801 California Street #3100
Denver, CO 80202-2626
(303) 297-2400
(303) 292-7799 (facsimile)

**Counsel for Centura Health Corporation**

/s/ *Matthew Martin*   8/8/08
Matthew Martin
LAW OFFICES OF MATTHEW SCOTT MARTIN
503 N. Main, Suite 600
Pueblo, CO 81003
(719) 545-0027
(719) 583-8217 (facsimile)

**Counsel for Terry Vargas**

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action 07-cv-01812-MSK-KMT

TERRY VARGAS,

    Plaintiff,

v.

CENTURA HEALTH CORPORATION,

    Defendant.

---

## AGREEMENT TO TERMS OF PROTECTIVE ORDER

---

    I, _____, having reviewed this Stipulated Protective Order entered by the Court, agree to be bound by its terms and to submit to the jurisdiction of the Court for purposes of enforcing this Order.

    Dated: _____

_____